```
                    FILED - SOUTHERN DIVISION
                    CLERK, U.S. DISTRICT COURT

                         OCT 25 2013

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY              DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNIECE DIONA GREEN, | Case No. CV 12-07323 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising three disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

### Issue #1

Plaintiff contends that the Administrative Law Judge ("ALJ") should have found her disabled based on the numerous days she spent in the hospital for symptoms associated with her kidney impairments. (JS 4-9); *see* 20 C.F.R. § 416.909. At the administrative hearing, the vocational expert ("VE") testified that an employee's absence

---

[1] The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1  from work of more than one day a month would generally not be tolerated by an
2  employer. (AR 56.) Plaintiff claims that from May 2009 to September 2009, she was in
3  the hospital for nine days, and that from May 2009 through April 2010, she would have
4  missed a total of 27 days of work, due to time in the hospital and acute symptoms of pain
5  and vomiting. (JS 8-9.) Plaintiff argues that "the frequency of hospitalizations and days
6  spent in the hospital is the most compelling evidence" of disability. (JS 9.) Plaintiff's
7  claim is not persuasive.
8       Plaintiff's argument that she should be found disabled based on the time she spent
9  in the hospital is misleading. First, while the record contains numerous hospital chart
10 notes pertaining to Plaintiff's complaints of pain and kidney-related symptoms (i.e.,
11 kidney stones, kidney infections, kidney failure, and vomiting), Plaintiff was often
12 treated with medication in the emergency room and released and only occasionally
13 admitted for a few days of treatment. (AR 38, 46, 254-56, 354, 355, 420.) Plaintiff
14 testified that she would seek treatment at hospital emergency rooms, rather than a
15 primary care doctor, due to the lack of medical insurance. (AR 38.) Second, Plaintiff's
16 assertion that she would have missed 27 days of work from May 2009 through April
17 2010, is unsupported by the record. For example, Plaintiff claims that she was
18 hospitalized for two weeks at Memorial Hospital of Gardena for flank pain and
19 abdominal pain with vomiting several months prior to April 2010. (JS 5; *see* AR 294.)
20 The record, however, contains no documentation of a two-week hospitalization. Also,
21 there is no medical opinion evidence that Plaintiff would have missed more than one day
22 of work on a monthly basis, let alone 27 days of work during the one-year period from
23 May 2009 through April 2010.
24       Next, Plaintiff contends that the ALJ improperly rejected her subjective pain
25 testimony based on a lack of supporting objective medical evidence. (JS 9-14, 18); *see*
26 Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 ("Careful consideration
27 must be given to any available information about symptoms because subjective
28 descriptions may indicate more severe limitations or restrictions than can be shown by

objective medical evidence alone."); SSR 96-9p.

Plaintiff testified that she cannot work because she experiences nausea, vomiting, swelling, and pain. (AR 17, 37.) She claimed that she is unable to sit or stand for more than 10 to 15 minutes at a time, walk for long periods, carry more than light weight, lift, or bend. (AR 17-18, 37, 159-61.) She also has trouble sleeping at night and experiences recurrent kidney infections with extreme pain and vomiting that is not relieved by medication for more than four hours at a time. (AR 17-18, 40, 46-49.)

The ALJ found that Plaintiff's statements concerning her symptoms and limitations were not credible to the extent they were inconsistent with a residual functional capacity ("RFC") for a limited range of light work.[2] (AR 17-18.) In rejecting Plaintiff's credibility, the ALJ cited inconsistencies between Plaintiff's allegations of extreme pain and the manner in which she behaved. (AR 18.) For example, in July 2010, Plaintiff was admitted to the hospital when she reported experiencing pain that reached a level of "10" on a scale of 1 to 10. (AR 18, 374.) Yet, Plaintiff's doctor noted that Plaintiff appeared to be in no apparent distress and her behavior was calm and cooperative. (AR 18, 374.) Such evidence supports the ALJ's finding that Plaintiff was exaggerating her symptoms and was not as limited as she alleged. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may use "ordinary techniques" in addressing credibility); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ is entitled to draw inferences "logically flowing from the evidence").

The ALJ further found that Plaintiff's complaints of disabling pain and other symptoms were not reasonably supported by the objective medical evidence. (AR 18.) While subjective pain testimony may not be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20

---

[2] The ALJ determined that Plaintiff has the RFC to stand or walk for 4 hours in an 8-hour workday and sit for 4 fours in an 8-hour workday, but cannot climb ladders, ropes or scaffolds, be exposed to unprotected heights or hazards (including hazardous machinery), or engage in more than occasional stooping and bending. (AR 17.)

Page 3

1  C.F.R. § 416.929(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)
2  (objective medical evidence may not be sole reason for discounting credibility but is
3  nonetheless a legitimate and relevant factor to be considered in assessing credibility).
4  Here, the record indicates that Plaintiff was cleared to return to work with no restrictions
5  in activities following one period of hospitalization in July 2010, despite her diagnoses
6  of kidney disease, recurrent kidney stones and infections. (AR 18, 357.)

   Additionally, the ALJ noted that the consultative examiner, Soheila Benrazavi,
8  M.D., assessed minimal limitations in Plaintiff's activities. (AR 18, 496-506.) Dr.
9  Benrazavi completed an Internal Medicine Evaluation which included a physical
10 examination of Plaintiff in April 2011. (AR 496-500.) Plaintiff reported suffering from
11 stage 1 chronic kidney failure and back pain. (AR 500.) The examination of Plaintiff
12 revealed no signs of edema, fluid retention, or volume overload. (AR 18, 500.) Plaintiff
13 did not appear to be pale or chronically ill. (AR 500.) Plaintiff denied having a history
14 of kidney disease, as opposed to chronic kidney failure, and she did not have a history
15 of lupus, diabetes, or hypertension. (AR 500.) Dr. Benrazavi concluded that there was
16 no indication that Plaintiff had kidney failure significant enough to restrict her activities.
17 (AR 18, 500.) Dr. Benrazavi assessed Plaintiff with the ability to perform a range of
18 medium work, with some limitations in the use of her hands and feet, and exposure to
19 environmental conditions. (AR 501-06.) The ALJ gave moderate weight to Dr.
20 Benrazavi's opinion,[3] (AR 18), which supports the ALJ's evaluation of Plaintiff's
21 testimony. *Smolen*, 80 F.3d at 1284-85 (in evaluating credibility, the ALJ must consider
22 observations of the claimant's physicians regarding functional restrictions caused by
23 symptoms).

   Based on the above, the ALJ properly discounted Plaintiff's credibility for
25 specific, clear and convincing reasons. Accordingly, the Court rejects Plaintiff's

---

[3] The ALJ adopted greater restrictions in Plaintiff's ability to lift, carry and engage in postural activities, but declined to accept Dr. Benrazavi's assessment of Plaintiff's manipulative and environmental restrictions. (AR 18.)

Page 4

contention that reversal is warranted based on Issue #1.

## Issue #2

Plaintiff contends the ALJ erred by failing to consider the number of days Plaintiff was in the hospital in formulating her RFC. (JS 19.) Plaintiff interprets her medical treatment records as establishing incapacitating pain and impairments requiring hospitalizations or trips to the emergency room that would result in multiple absences from work. As already observed, however, there are no supporting medical opinions indicating that Plaintiff's pain and impairments would cause her to be so incapacitated that she would need to miss work. Rather, Plaintiff's doctor assessed Plaintiff with no restriction of activities or work in July 2010, and Dr. Benrazavi assessed minimal limitations. (AR 357, 500-06.) Although Plaintiff interprets the medical evidence differently than the ALJ did, the ALJ is responsible for resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's interpretation of the medical evidence was reasonable and should not be second-guessed. *Rollins*, 261 F.3d at 857.

Next, Plaintiff challenges the ALJ's reliance on Dr. Benrazavi's opinion, claiming that it was based on "fraud or gross negligence." (JS 19.) At the hearing, Plaintiff testified that Dr. Benrazavi was the same physician who had previously found Plaintiff disabled in connection with Plaintiff's request for General Relief funds. (JS 19, AR 44-45.) Plaintiff asserts that the ALJ should have further developed the record by recontacting Dr. Benrazavi to resolve the conflict in her opinion. (JS 19-20.) As discussed, however, the ALJ properly discounted Plaintiff's credibility. Further, Plaintiff offered no records to substantiate her claim, even though the ALJ held the record open for 14 days at Plaintiff's request. (AR 44-45, 57-58.) Instead, Plaintiff attempts to support her conclusory argument that Dr. Benrazavi issued conflicting opinions based on five, unsigned forms indicating that Plaintiff had been found "temporary disabled" from January 26, 2010, through July 29, 2011. (JS 19; AR 510-17.) These one-page forms, which are titled, "This Is Not An Appointment Letter," do not reference Dr.

Page 5

Benrazavi or any other physician, the impairment or condition resulting in temporary disability, or even the agency or organization associated with them. (AR 510-16.) Simply put, these forms do not establish that Dr. Benrazavi issued a prior conflicting opinion of disability. As there was no ambiguous evidence and the record was adequate to allow for proper evaluation of the medical evidence, the ALJ had no duty to develop the record further. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Plaintiff further challenges Dr. Benrazavi's opinion, as she did not review Plaintiff's medical records before examining Plaintiff. (JS 20); *see* 20 C.F.R. § 416.917 ("We will also give the examiner any necessary background information about your condition."). Dr. Benrazavi, however, conducted an internal medicine evaluation of Plaintiff, which included a physical examination and a review of her medical history, as reported by Plaintiff. (AR 496-500). Dr. Benrazavi's opinion constituted substantial evidence supporting the ALJ's RFC assessment. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); *Andrews*, 53 F.3d at 1041.

In sum, the ALJ properly included in his RFC determination only those limitations that were supported by the medical evidence of record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding RFC determination proper where "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints"). Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #2.

### Issue #3

Plaintiff asserts that the ALJ erred at step three of the sequential evaluation process by failing to find her impairments equaled Listing 3.03 (asthma) and Listing 11.02 (epilepsy). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 3.03, 11.02.

An ALJ is required to discuss whether an impairment or combination of impairments equals a listed impairment only if the claimant presents evidence supporting

equivalence. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). A reviewing court will not find an ALJ erred in determining that combined impairments met or equaled a listed impairment unless the claimant offers a plausible theory of medical equivalency. *Lewis*, 236 F.3d at 514. For an impairment or combination of impairments to equal a listed impairment, the claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S.Ct. 885 (1990); *see also* 20 C.F.R. § 416.926(a)-(b); SSR 83-19, 1983 WL 31248, at *2 (an impairment is "equivalent" to a listing only if a claimant's symptoms, signs, and laboratory findings are "at least equivalent in severity" to the criteria for the listed impairment most like the claimant's impairment).

Plaintiff has not presented a plausible theory as to why her impairments equal a listed impairment. Instead, Plaintiff makes the conclusory argument that her frequent hospitalizations may be of equal significance to the criteria of Listing 3.03 and Listing 11.02. (JS 25-28; AR 30.) To meet the requirements of Listing 3.03 for asthma, a claimant has the burden to present evidence of "chronic asthmatic bronchitis" or attacks of "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 3.00(C), 3.02A, 3.03. To meet the requirements of Listing 11.02 for epilepsy, a claimant has the burden of presenting documentation of a "typical seizure pattern, occurring more frequently than once a month in spite of at least three months of prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02. Plaintiff presents no persuasive legal authority or objective medical evidence that a claimant may be found presumptively disabled under these listed impairments based solely on the frequency of hospitalizations. Moreover, the ALJ sufficiently supported the conclusion that Plaintiff's impairments did not meet or equal a listing by evaluating Plaintiff's impairments under the criteria of the more closely analogous listed impairments, Listing 1.04 (spine disorder), Listing 6.02 (renal function), and Listing 6.06 (nephrotic syndrome). (AR at 16-17); 20 C.F.R. Pt. 404, Subpt. P, App.

1 §§ 1.04, 6.02, 6.06. Plaintiff does not challenge these specific findings, but simply asserts that the ALJ failed to "provide any analysis in her decision regarding equaling for the court to review." (JS 28.) As the ALJ thoroughly discussed each of the potentially applicable listings, and explained why the medical evidence did not show that these listings were met, the ALJ's failure to elaborate regarding the issue of medical equivalence was not erroneous. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (explaining that the ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments.")

Accordingly, a reversal or remand is not warranted on the basis of Issue #3.

**ORDER**

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: October 25, 2013

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE